996 F.2d 1236
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MERANDO, INC., Appellant,
v.
Michael P.W. STONE, Secretary of the Army, Appellee.
 No. 93-1019.
 United States Court of Appeals, Federal Circuit.
 May 24, 1993.
 
 Before MAYER, RADER and SCHALL, Circuit Judges.
 SCHALL, Circuit Judge.
 
 
 1
 Merando, Inc. (Merando) appeals that portion of the June 18, 1992 decision of the Armed Services Board of Contract Appeals (Board) which held that Merando was not entitled to recover on its claim under Contract No. DACA31-86-C-6066 for alleged additional costs arising out of the government's rejection of the first set of test grout piles. Merando, Inc., ASBCA No. 41402 (Jun. 18, 1992). The Board held that the government properly rejected the test piles because of a 20 percent deviation in the water content of the grout mix which Merando used for the piles from the water content in the grout mix which Merando submitted for review prior to construction of the piles. The Board declined to reach the issue of "why the first set of test piles failed at loads substantially below the design load." Slip op. at 5. For the following reasons, we vacate the decision of the Board in part and remand the case to the Board for further proceedings.
 
 DISCUSSION
 
 2
 Section 02364 of the contract is titled "AUGER-PLACED GROUT PILES". Pursuant to subsection 7.1 of that section, Merando was required to "submit to the Contracting Officer for review a description of the materials to be used and the proposed methods of operations" for grout pile work. By a copy of a letter dated August 4, 1986, from its subcontractor, Merando informed the government that the grout mix it planned to use for the test piles would have a water content of 50 gallons. It is undisputed that, in fact, the grout mix which was used for the test piles had a water content of 60 gallons. It also is undisputed that the test piles failed at loads substantially below the design load set forth at that time in the contract specifications. The government rejected the test piles after they failed and required Merando to drill a second set of test piles.
 
 
 3
 Before the Board, the government had the burden of proving that it properly rejected the first set of test piles. See Southwest Welding & Mfg. Co. v. United States, 413 F.2d 1167, 1175 n. 7 (Ct.Cl.1969). In this regard, we believe that the Board, which rested its decision in favor of the government solely on the discrepancy between the grout mix submittal and the grout mix which was used in the test piles, failed to make necessary findings of fact. Accordingly, that portion of the decision of the Board which relates to Merando's claim arising out of the rejection of the first set of test piles is vacated and the case is remanded to the Board.
 
 On remand, the Board is directed to:
 
 4
 (1) Make findings of fact as to whether the 20 percent deviation in the water content of the grout mix which was used in the construction of the test piles from the water content in the grout mix which was submitted for review exceeded the reasonable bounds of "approximate;"
 
 
 5
 (2) Make findings of fact as to why the first set of test piles failed at loads substantially below the design load set forth at that time in the contract specifications;
 
 
 6
 (3) Render a decision on Merando's claim consistent with the Board's findings of fact and this opinion; and
 
 
 7
 (4) Give the parties the opportunity to present their views as to whether the Board should receive additional evidence during the proceedings on remand.
 
 VACATED-IN PART AND REMANDED
 COSTS
 
 8
 Each side shall bear its own costs.
 
 
 9
 RADER, Circuit Judge, dissents.